parties in respect to my own. The allowance of the district judge in this the present case, exceeded, in a small degree, one fifth of the whole property saved. It cannot certainly be pronounced an extravagant proportion; at the same time, with reference to the value of the property, and the duration and peril of the service, it must be admitted to be large. The time employed was less than two days; the weather was not boisterous; the peril to life, if it existed in any considerable degree, was not long, nor exceedingly critical; the season of the year was unfavorable, but the voyage was in a Sound full of ports or anchorages, where assistance might, in case of necessity, be procured, or a harbour made; the vessel was upset, but the principal cargo (logwood and mahogany) was buoyant; so that there was little danger of the wreck and loss of both, unless by some severe storm. And it may be added, that numerous vessels are perpetually passing through the same Sound; so that extraordinary hazards would have been, under common circumstances, accompanied by extraordinary means of assistance. A suggestion has been made, that the storm of the succeeding day, after the arrival at Edgartown, would have very probably occasioned a total loss of the vessel and cargo, if they had not then been in port. Admitting that to be true, still it cannot constitute a material ground, in a case like the present, for enhancing the salvage. Salvage is a compensation for the rescue of the property from present, pressing, impending perils; and not for the rescue of it from possible future perils. It is a compensation for labor and services, for activity and enterprise, for courage and gallantry actually exerted, and not for the possible exercise of them, which under other circumstances might have been requisite. It is allowed, because the property is saved; not, because it might have been otherwise lost upon future contingencies. Subsequent perils and storms may enter, as an ingredient, into the case, when they were foreseen, to show the promptitude of the assistance, and the activity and sound judgment with which the business was conducted; but they can scarcely avail for any other purpose. Ought the salvage to be diminished by a favorable state of the weather after the arrival in port? If not, why should it be increased by an unfavorable state of the weather? To introduce such ingredients into the estimate of salvage, which were neither foreseen, nor acted upon, would compel the court to deliver itself over to conjectures, resting on loose probabilities, the nature and extent of which could never be measured. It would be to go off of soundings; to desert the facts; and to be guided by speculations, always questionable, and sometimes deceptive.

After weighing all the circumstances, I have with great reluctance come to the conclusion, that the decree assigns too high a rate of salvage. No person can entertain a higher respect for the sound judgment and ability of my learned brother, the district judge, than myself. Nor should I incline upon slight differences of opinion to vary his decree. But a full review of all the facts has not enabled me to arrive at the conclusion, that, consistently with my duty, I ought to affirm the decree. In the case of The William Beckford, 3 C. Rob. Adm. 355, where the property was in great distress, and the circumstances more perilous than those of the present case, though somewhat resembling them, Lord Stowell deemed a salvage of £1,000, out of a property worth more than £17,000, to be an ample remuneration. I am not sure, that I should have arrived at a result so moderated and measured. But the decree of the district court, in the present case, has more than trebled the proportion, under circumstances, however, of greatly diminished value.

My opinion is, that eight hundred and fifty dollars, which is a little more than one seventh of the property saved, will be a liberal compensation, looking to the value of the property at hazard, and the nature of the services performed. Of this sum, I shall decree one hundred dollars to be paid to Bartemus Luce and the thirteen other persons, whose claims were brought forward by the supplemental libel, instead of the sum allowed them by the decree of the district court. The remaining sum is to be paid to the original libellants, belonging to the pilot boat Superior, and the sloop Hero; and these sums are to be apportioned and distributed among the salvors respectively, according to the distribution made by the decree of the district court. The costs of the district court are to be paid by the claimants; and the costs of this court are to be borne by the respective parties, who have incurred them. Decree altered accordingly.

## Case No. 4,481.

The ENDEAVOR.

[See Case No. 12,297a.]

## Case No. 4,482.

ENDICOTT et al. v. RENAULD et al.

[10 Ben. 582.][1]

District Court, S. D. New York. Oct., 1879.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]